**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No. 1:26-cv-01392-GPG-STV

REBECCA SHEPPARD,

      Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES LLC; TRANS UNION, LLC,

      Defendants.

---

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

---

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PARTIES**

**COMPLAINT ¶1:**

Plaintiff is an individual who resides at 23482 Glenmoor Drive Parker, CO 80138.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2:**

Defendant Trans Union is a Consumer reporting agency located in Chicago IL.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

ANSWER TO COMPLAINT

**COMPLAINT ¶3:**

Defendant Experian is a consumer reporting agency located in Costa Mesa CA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

Defendant Equifax is a consumer reporting agency located in Atlanta GA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax admits it is located in Atlanta, Georgia. Equifax denies the remaining allegations in this paragraph.

### FACTUAL ALLEGATIONS

**COMPLAINT ¶5:**

Plaintiff and her former spouse applied for a joint consolidation loan, which was approved.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

In October 2024, Plaintiff applied under the Joint Student Loan Separation Act to separate the joint debt into a new loan.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

ANSWER TO COMPLAINT

**COMPLAINT ¶7:**

In April 2025, she was approved and two loans in Plaintiff's name were taken out with Aidvantage which represented Plaintiff's balance from the prior consolidation loans.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

On April 10, 2025, Sloan Servicing ("Sloan") sent a letter to Plaintiff admitting that she was solely responsible for her portion of the debt, and that the separation application had been granted.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

However, for reasons that remain unknown, Sloan did not correct its computer to remove Plaintiff's ex-husband's balance as they promised to, and Sloan continued to falsely report a balance about Plaintiff to the CRA Defendants each month. Sloan should have reported a $0 balance, but instead they falsely reported that Plaintiff owed over $243,000 to them, which artificially inflated Plaintiff's debt to income ratios and debt to available credit ratios, both of which have the ability to harm credit applications and credit scores.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶10:**

Plaintiff made multiple calls to Sloan asking them to fix it, and each time, Sloan told her that they would fix it, and that it would be updated on the next credit reporting cycle. But, for reasons that are unknown, Sloan did not correct it as they informed Plaintiff they would.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

ANSWER TO COMPLAINT

324639794v.1

**COMPLAINT ¶11:**

On July 1, 2025, Sloan sent a letter to Plaintiff informing her that on April 1, 2025, it had reported to the CRAs that the balance was $0. However, Sloan appears to be incorrect because the CRAs are still reporting a balance of over $243,000, and they get their data from Sloan and other data furnishers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Plaintiff disputed multiple times with the credit bureaus. Each time, the CRAs responded back to Plaintiff falsely claiming they had "verified" the accuracy of the reporting. Plaintiff provided all 3 CRAs with written proof that the balance was $0, including the letters where Sloan admitted to the same.

**ANSWER:**

Equifax admits Plaintiff or someone acting on behalf of Plaintiff contacted Equifax on at least one occasion regarding the account at issue in this lawsuit. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

On one occasion, Trans Union wrote back to Plaintiff that it would not investigate her dispute and they falsely accused the Plaintiff of hiring a credit repair agency to send the dispute letter, even though Plaintiff did not hire a credit repair agency and she personally drafted, signed and mailed the letter to Trans Union. As such, on this occasion, Trans Union necessarily violated 15 U.S.C. 1681i because they did not conduct <u>any</u> reinvestigation into Plaintiff's dispute, nor did they notify the furnisher or provide them with information, nor did they review and consider all relevant information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

- 4 -

324639794v.1

**COMPLAINT ¶14:**

However, on multiple occasions, the CRAs did in fact notify Sloan of Plaintiff's disputes via the e-Oscar system, and at least on some occasions, those ACDV forms contained images, which are documents attached to the ACDV(s). In order to respond to an ACDV that the information is "verified," the furnisher is required to certify that they have read the images as part of their investigation. One of the images attached to the ACDV was the Sloan letter admitting that the balance was supposed to be $0 — it remains a mystery how Sloan could have continued reporting a balance of over $243,000, certified to the CRAs multiple times that it was "correct", when their own account notes, correspondence, and audio recordings, demonstrated that Plaintiff's disputes were correct. And equally mysterious is how the CRAs could claim to continue to rely on a data furnisher where their own letters contradict their reporting.

**ANSWER:**

Based on the vague nature of this paragraph, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT I**
**FAIR CREDIT REPORTING ACT (FCRA)**
**(Against All Defendants)**

**COMPLAINT ¶15:**

Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶16:**

Defendants negligently and willfully violated 15 U.S.C. 1681i by failing to perform reasonable reinvestigations into the plaintiffs disputes, failing to review and consider the relevant information provided by plaintiff, failing to notify the furniture and or failing to provide the furniture with all relevant information, and parodying the furniture's response, even though multiple federal courts have warned the defendants that parenting is an unreasonable reinvestigation on its face.

**ANSWER:**

Equifax denies the allegations in this paragraph.

ANSWER TO COMPLAINT

324639794v.1

**COMPLAINT ¶17:**

Defendants negligently and willfully violated 15 U.S.C. 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in plaintiffs consumer report. If Sloan is telling the truth that in April 1st 2025 it really did ask the defendants to change the balance to 0, and the defendants continued to report a balance of over $243,000, this would constitute a failure to follow reasonable procedures to ensure maximum possible accuracy, which would be to process any corrections or updates from data furnishers.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶18:**

Defendants sold false reports about Plaintiff to various third parties including but not limited to: Affirm, American Express, Bellco Credit Union, Bank of America, and JPMorgan Chase.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶19:**

Defendants violations of the FCRA caused Plaintiff actual damages including embarrassment, harm to credit rating, and inconvenience.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

a.    Actual damages to be determined at trial;

b.    Punitive damages to be determined at trial;

c.    Statutory damages;

d.    Attorney fees and costs;

e.    For such other relief as may be proper.

ANSWER TO COMPLAINT

324639794v.1

- 7 -

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

- 7 -

ANSWER TO COMPLAINT

324639794v.1

- 8 -

DATED:  April 14, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Jennifer R. Brooks*
    Jennifer R. Brooks
    jrbrooks@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Avenue, Suite 1660
    Dallas, TX 75201
    Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

- 8 -

ANSWER TO COMPLAINT

324639794v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_/s/ Jennifer R. Brooks_
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

324639794v.1