**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:26-cv-01392-GPG-STV

REBECCA SHEPPARD,
          Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES LLC.; TRANSUNION;
          Defendants.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held June 2, 2026 at 11:15am.

Ashlie Franz, Ramos Law, 10190 Bannock St, Suite 200, Northglenn, CO 80260, (720) 551-7657, on behalf of Plaintiff.

Jennifer R. Brooks, Seyfarth Shaw LLP, 2323 Ross Avenue, Suite 1660 Dallas, TX 75201, (469) 608-6730, jrbrooks@seyfarth.com, on behalf of Defendant Equifax.

Lauren E. Lacey, Troutman Pepper Locke LLP, 401 9th Street NW, Suite 1000, Washington, DC 20004, (202) 274-2950, lauren.lacey@troutman.com, for Defendant Experian

**2. STATEMENT OF JURISDICTION**

This case was removed to federal court under 28 U.S.C. § 1446(a) because in their complaint the Plaintiff presents a federal question and under 28 U.S.C. § 1331 the United States District Court for the District of Colorado has original jurisdiction.

**3. STATEMENT OF CLAIMS AND DEFENSES**

*Plaintiff:* Plaintiff obtained approval under the Joint Student Loan Separation Act to separate a joint student consolidation loan from her former spouse. After the separation was approved, two

1

new loans were issued in Plaintiff's name representing only her portion of the debt, and Sloan Servicing confirmed in writing that the original joint loan balance attributable to Plaintiff should have been reduced to $0. Despite this, Sloan continued reporting that Plaintiff owed more than $243,000 on the prior loan, causing her debt-to-income and credit utilization ratios to appear artificially inflated and negatively impacting her credit profile.

She repeatedly contacted Sloan and disputed the inaccurate reporting with Experian, Equifax, and TransUnion, providing documentation showing that the balance should have been reported as zero. Nevertheless, the credit bureaus allegedly continued verifying the debt as accurate.

Plaintiff asserts that the credit bureaus failed to conduct reasonable reinvestigations and failed to maintain reasonable procedures to ensure maximum possible accuracy of her credit reporting, in violation of the Fair Credit Reporting Act. It is Plaintiff's position that the inaccurate reporting caused harm to her credit reputation, embarrassment, and inconvenience, and seeks actual, statutory, and punitive damages, as well as attorney's fees and costs.

***Defendant Equifax:*** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

***Defendant Experian:*** Experian denies Plaintiff's claims. Experian is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's consumer reports and conducted a reasonable reinvestigation into any of Plaintiff's disputes when required to do so. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Experian and Equifax are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

b. Experian and Equifax are credit reporting agencies under the FCRA.

3

c.  Plaintiff is a consumer under the FCRA and as defined in 15 U.S.C § 1681.

## 5. COMPUTATION OF DAMAGES

*Plaintiff:* Non-economic damages are not subject to a computation to a specific monetary amount and are to be determined by the trier of fact. Statutory and punitive damages to be determined by the trier of fact. Plaintiff seeks attorney fees and costs if she is successful at trial on her Fair Credit Reporting Act claims.

*Defendant Equifax:* Equifax does not currently seek any damages in this case but denies that Plaintiff is entitled to damages.

*Defendant Experian:* At this time, Experian does not seek any damages in this case and denies that Plaintiff is entitled to any damages against Experian under any legal theory. However, Experian reserves the right to seek damages at a later time, including after documents and/or information is produced in discovery.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.  **Date of the Rule 26(f) meeting.**

May 12, 2026

b.  **Names of each participant and party he/she represented.**

Ashlie Franz represented Plaintiff at the Rule 26(f) meeting. Jennifer Brooks represented Defendant Equifax and Lauren Lacey represented Defendant Experian.

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

May 26, 2026

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

e.  **Statement concerning any agreements to conduct informal discovery.**

There are no agreements regarding informal discovery, but the parties will confer regarding possible informal discovery if that opportunity arises.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1)  The parties have agreed to use a unified exhibit numbering system for deposition exhibits.

(2)  The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

(3)  Service:  The parties agree that the exchange of discovery requests and responses, including ESI, shall be in Word format or PDF, and served via email, a secure file transfer protocol, or by a removable disk/drive, rather than U.S. Mail.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Settlement is possible, and settlement discussions will be ongoing.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules.**

Each party may have ten (10) depositions, exclusive of experts. As this case involves the possible actions of multiple Defendant's employees who reinvestigated Plaintiff's disputes, 10 depositions is proportionate to the needs of the case.

Parties agree to 25 Interrogatories.

b. **Limitations which any party proposes on the length of depositions.**

Party depositions shall not exceed 7 hours, and non-party depositions shall not exceed 4 hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Each party may serve 25 Requests for Production and 25 Requests for Admission.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery shall be served no later than 45 days before discovery cutoff.

Defendant Equifax's Position: Written discovery shall be served no later than 30 days before discovery cutoff.

e.  **Other Planning or Discovery Orders.**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Scott T. Varholak regarding the issue. No written discovery motions without leave of the Court.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

Parties agree to serve F.R.C.P. 26(a) disclosures and discovery via email and/or file share.

### 9. CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

September 2, 2026

b.  **Discovery Cut-off:**

December 2, 2026

c.  **Dispositive Motion Deadline:**

January 11, 2026

d.  **Expert Witness Disclosure**

1.  The parties shall identify the anticipated fields of expert testimony, if any.

7

*Plaintiff:* Credit Scoring and Industry Standards on Conducting and Investigation

*Defendant Equifax:* Equifax has not determined whether it will name an expert but will likely retain a rebuttal expert.

*Defendant Experian:* Experian has not yet determined whether it will name an expert in this matter but reserves the right to do so. Experian anticipates taking the deposition of any experts designated by Plaintiff.

2. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 2, 2026**. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

3. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 2, 2026**  This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

e. **Identification of Persons to Be Deposed:**

*Plaintiff:* Plaintiff will depose a corporate representative of each Defendant. Plaintiff anticipates deposing each of Defendant's employees that reinvestigated Plaintiff's disputes, and whose identities are unknown at this time.

*Defendant Equifax:* Equifax anticipates deposing Plaintiff and any entity that is a witness or has knowledge regarding Plaintiff's alleged damages, including third parties to whom Plaintiff applied for credit.

*Defendant Experian:* Experian anticipates taking the depositions of Plaintiff and any relevant third-party witness.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

b. A final pretrial conference will be held in the case on _____ at _____o'clock__m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a 4-day jury trial in Denver, CO.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal

9

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(C) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this __2nd__ day of _____June_____, 2025.

BY THE COURT:

_____

The Honorable Scott T. Varholak
United States District Court Magistrate Judge

10

APPROVED:


*s/ Ashlie Franz*
Ashlie Franz
RAMOS LAW
10190 Bannock St., Suite 200
Northglenn, CO 80260
Phone Number: (720) 551-7657
E-mail:  afranz@ramoslaw.com
*Attorney for Plaintiff*

*s/ Jennifer R. Brooks*
Jennifer R. Brooks
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, TX 75201
Telephone: (469) 608-6730
E-mail: jrbrooks@seyfarth.com
*Counsel for Defendant Equifax Information Services LLC*

*s/ Lauren E. Lacey*
Lauren E. Lacey
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Phone: (202) 274-2950
E-mail: lauren.lacey@troutman.com
*Counsel for Experian Information Solutions, Inc.*